UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEADFAST INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN BALLANTINE, KAREN BALLANTINE, DENNIS BALTZER, PATRICIA BALTZER, DAVID CARMICHAEL, BARBARA HARDIN, MICHAEL HARDIN, KATHY KOLLER, MICHAEL KOLLER, CARLEEN O'BRIEN, CHARLIE O'BRIEN, ROBERT PEAL, WENDY PEAL, JEREMY SCHOON, VERONICA SCHOON, ENVIRONMENTAL QUALITY MANAGEMENT, INC., an Ohio Corporation and EQ ENGINEERS, LLC, an Indiana Limited Liability Company, | ) ) ) ) 12 C 2646 ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge;

This matter comes before the Court on Defendants' John Ballantine, Karen Ballantine, Dennis Baltzer, Patricia Baltzer, David Carmichael, Barbara Hardin, Michael Hardin, Kathy Koller, Michael Koller, Carleen O'Brien, Charlie O'Brien, Robert Peal, and Wendy Peal (collectively, "Ballantine") motion to dismiss or stay this action pursuant to *Wilton/Brillhart* abstention pending the outcome of a parallel state proceeding. For the reasons set forth below, Ballantine's motion is granted.

**BACKGROUND**

This case arises out of Plaintiff Steadfast Insurance Company's ("Steadfast") complaint which seeks a Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202 and Interpleader pursuant to 28 U.S.C. §§ 1335, 2361 against Defendants Ballantine, Jeremy Schoon, Veronica Schoon, Environmental Management Inc., and EQ Corporation.

On August 28, 2007 an explosion and fire occurred at the Archer-Mittal steel mill in Burns Harbor, Indiana. Eight workers were ultimately injured. Seven of the eight workers are represented by the Provost Umphrey Law Firm and are referred to as the Ballantine claimants. The eighth worker, Jeremy Schoon is represented by Kenneth J. Allen & Associates (hereinafter "Schoon").

**A. State Court Case**

On March 21, 2008 the Ballantine claimants filed suit in the Circuit Court of Cook County, Illinois, against multiple defendants including Environmental Quality Management Inc. and EQ Engineers LLC (collectively "EQ"). On August 28, 2008 Schoon filed his own lawsuit in Cook County against EQ. This suit was subsequently consolidated into the Ballantine claimant's suit.

Steadfast issued primary and excess insurance policies to EQ. The asserted combined policy limits for EQ's insurance policy is $10,000,000, less any defense costs. As of June 15, 2012, the remaining available limits of the Steadfast Policies were $9,629,833.80. Steadfast is defending the state court lawsuit on behalf of EQ.

**B. Settlement Negotiations**

On June 3, 2011 all claimants made a joint demand to settle the state case for $20 million. The $20 million demand could not be satisfied with the funds available in Steadfast's policy. On September 27, 2011, Steadfast made a global offer ("September 2011 offer") to pay the total remaining policy funds to all claimants in exchange for releasing EQ from liability. This offer left the allocation of the funds to the determination of its claimants and was contingent on the acceptance of all claimants. Steadfast asserts that the claimants did not accept the September 2011 offer based on the claimants' failure to come to an agreement on the allocation of funds.

On November 5, 2011, Schoon made a settlement demand of $2.8 million. Steadfast sought and received an extension of the deadline for responding to Schoon's demand to allow for a potential resolution of the plaintiff's allocation of funds dispute through mediation, as ordered in the state court proceeding. A mediation session concerning the allocation of funds between claimants was not held. On December 16, 2011, Ballantine made a demand for $8.5 million. In response to the demands of Ballantine and Schoon, Steadfast sent an additional offer ("December 2011 offer") to all claimants. The December 2011 offer was not contingent on all claimants' accepting the offer. Steadfast asserts that its offer of $2,762,468.89 to Schoon was accepted by email later that evening.

On December 23, 2011, Ballantine filed a motion in state court contending that all claimants had accepted the September 2011 offer and all claimants allowed for the distribution of funds to be determined through binding mediation. Ballantine argued that the September 2011 offer constituted an acceptance of the claimants' initial June 3, 2011 offer. Schoon, on the other hand, asserts they have a valid contract for the settlement of claims with Steadfast based on the December 2011 offer and their subsequent acceptance.

**C. Federal Court Case**

Steadfast filed this complaint in federal court on April 11, 2012 seeking declaratory and interpleader relief. Steadfast has sued all parties to the state court action. On June 11, 2012 Schoon filed a counterclaim against Steadfast for breach of contract. Schoon's counterclaim contends that Steadfast's December 2011 offer of settlement was accepted and consequently represents a valid and enforceable contract. Ballantine moves to dismiss or stay this federal case under the *Wilton/Brillhart* abstention doctrine until the state case is resolved.

**LEGAL STANDARD**

Under the *Wilton/ Brillhart* abstention doctrine, a district court possesses significant discretion to dismiss or stay claims seeking declaratory relief, even if the court has subject matter jurisdiction. *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 714 (7th Cir. 2009). This discretion flows from the Declaratory

Judgment Act ("Act"), 28 U.S.C. §§ 2201-2202, which provides that district courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a); *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010) The U.S. Supreme Court held in "*Brillhart* and *Wilton* that district courts have substantial discretion in deciding whether to declare the rights of litigants and may, in the sound exercise of their discretion, stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case." *Envision*, 604 F.3d at 986; *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995).

Determining whether abstention is appropriate involves a two step inquiry. First the Court must determine whether the state and federal cases are parallel. *R.R. Street & Co., Inc.*, 569 F.3d at 716-17. If the cases are parallel, the Court must then determine whether the non-declaratory claims are independent of the declaratory claims. *Id*. The Court considers each part of the inquiry in turn.

## DISCUSSION

**1. Parallel Proceedings**

The first question is whether the state and federal cases are actually parallel. *Id*. Two cases are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in two fora. *Envision*, 604 F.3d at 986-87. Suits

need not be identical to be parallel, and the mere presence of additional parties or issues in one case will not necessarily bar a finding that cases are indeed parallel. *AAR Int'l, Inc. v. Nimelias Enter., S.A.*, 250 F.3d 510, 518 (7th Cir. 2001). To determine whether the state court case and this case are parallel we review the overlap between the federal and the state proceeding in light of the substantive law that forms the basis for the declaratory judgment action and the underlying liability case in state court. *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995).

Ballantine argues that the state and federal cases are parallel because they involve substantially the same parties and share the same central issues. The Court agrees. Steadfast, a defendant in the state court proceeding, sued all parties to the state court action seeking declaratory and interpleader relief. Although Steadfast is not formally named as a party to the state court action, both its insurance policy and its representation of EQ binds them to the state court action. As EQ's insurer, Steadfast has acted on behalf of EQ throughout the course of the state court litigation in the interest of resolving claims, distributing funds, and alleviating liability. More directly, the interests of Steadfast are implicated in the resolution of the issue concerning the existence of a contract between Steadfast and Schoon, stemming from the December 2011 offer.

Resolving whether the suits share the same central issues focuses on the likelihood that the state court litigation will dispose of all claims presented in the federal case. *TruServ Corp. v. Flegles, Inc*., 419 F.3d 584, 592 (7th Cir. 2005). Steadfast's claims in the federal suit for both declaratory and interpleader relief are based on issues that are now before the state court. Steadfast's complaint seeks declaratory relief pertaining to the contractual standing of all parties and the finality of its liability after all funds are distributed to the cases' claimants. The resolution of these issues is a necessary component of the state court proceeding. The state court must set forth the contractual rights and obligations of all parties to finally determine the proper allocation of funds. The resolution of the claims made by the Schoon and Ballantine are soundly within the consideration of the state court proceeding. Both of Steadfast's claims for declaratory relief would be resolved in the state court proceeding.

Steadfast's remaining Interpleader claim would additionally be decided in the state court litigation. Steadfast seeks the interpleader of the insurance policy funds due to the multiple adverse claims. As discussed above, these claims would be required to be resolved in order to successfully allocate all funds.

While the state and federal cases are not identical, they contain substantially the same parties and concern the same central issues. The cases are therefore parallel for the purposes of *Wilton/Brillhart* abstention.

## 2. Dependence of Claims

If the state and federal suits are parallel, the Court must determine if the non-declaratory claims are independent of the declaratory claims. *R.R. Street & Co., Inc.*, 569 F.3d at 717. To determine if a claim for non-declaratory relief is independent of the declaratory claim, a court must determine if: 1) the non-declaratory claim has its own separate federal subject-matter jurisdictional basis, and 2) its viability is not wholly dependent upon the success of the declaratory claim. *R.R. Street & Co., Inc.*, 569 F.3d at 716 n.6. Therefore "if, after factoring out the requested declaratory relief, there are no viable non-declaratory claims, then the district court may abstain from the entire action under *Wilton/Brillhart* without running afoul of its near-unwavering obligation to hear claims within its jurisdiction." *Id*.

The only non-declaratory claim contained in Steadfast's complaint is a claim for interpleader. Ballantine argues the Steadfast's interpleader claim is dependent on the resolution of their claims for declaratory relief. The primary purpose of interpleader is to enable a neutral stakeholder, usually an insurance company, to shield itself from liability for paying over funds to the wrong party. *Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir. 1984). Although Steadfast's interpleader action has its own separate jurisdictional basis, the Court must determine

if the claims viability is dependent on the success of the declaratory claim. *R.R. Street & Co., Inc.*, 569 F.3d at 716.

Steadfast contends that its claim for declaratory relief is not required to be resolved prior to the resolution of the interpleader claim and is therefore independent. Steadfast asserts that this Court could deny both of Steadfast's declaratory claims and still adjudicate the interpleader claim. Steadfast relies on the holding and analysis in *R.R. Street & Co.*, in arguing that *Wilton/Brillhart* abstention should not be exercised. 569 F.3d at 717. In *R.R. Street & Co.*, the Seventh Circuit determined that the district court's exercise of abstention under *Wilton/Brillhart* was not warranted because the requested declaratory relief was not a prerequisite to the resolution of separate non-declaratory claims which sought relief in the form of money damages. *Id.*

Steadfast's reliance on *R.R. Street & Co.* is misplaced. In *R.R. Street & Co.*, the plaintiffs sought a declaration that the defendants owed defense and indemnity obligations to the plaintiffs for the their involvement and defense of completely different lawsuits which involved the defendant's products. *Id.* at 714. In addition to seeking declaratory relief, the plaintiff brought claims seeking money damages for breach of contract, common law indemnity and promissory estoppel. Because the declaratory relief claims were based on the disposition of issues relating to several underlying lawsuits distinct from the claims that were before the court, the Seventh

Circuit held that the plaintiff's claims seeking money damages were jurisdictionally and substantively sufficiently in federal court and independent of the declaratory claims. *Id*. at 717. Therefore the resolution of the claims seeking declaratory relief were not required to be resolved as a prerequisite to the disposition of the claims seeking monetary relief. *Id*.

In this case the issues involved in the declaratory relief are a prerequisite to the resolution of the interpleader claim. Steadfast seeks a declaratory judgment ruling that the December 2011 offer to Schoon to settle its claims against EQ for $2,762,468 was a valid and enforceable agreement. Ballantine contends that the December 2011 agreement was not valid and the June 2011 global offer should be the basis for distributing the funds amongst the claimants. The disposition of Steadfast's interpleader claim, which requires an ultimate distribution of funds, would necessitate a trier of fact to determine the contractual relationships between all parties and when those relationships were entered into. The distribution of funds among the Ballantine and Schoon claimants represents the heart of both this case and its state court counterpart. To adequately resolve Steadfast's interpleader claim, this Court, as a prerequisite, would have to consider and determine the issues contained in Steadfast's declaratory judgment claims.

In summary, the Court finds that the relevant factors weigh in favor of *Wilton/Brillhart* abstention. The parties are engaged in parallel proceedings in state

court and Steadfast's non-declaratory claims are not independent of their declaratory claims warranting *Wilton/Brillhart* abstention.

**3. Stay or Dismissal**

Having determined that abstention is appropriate, the only remaining question is whether this case should be stayed or dismissed. When *Wilton/Brillhart* abstention is appropriate, the best course is to stay rather than dismiss the case in order to ensure that the federal action can proceed without running into statute of limitations problems if the state proceeding fails to resolve the matter at issue. *Wilton*, 515 U.S. at 288 n.2. Accordingly the Court stays the action. The federal lawsuit will be administratively closed with full leave to reinstate upon the completion of the state case.

## CONCLUSION

For the foregoing reasons, Ballantine's motion to stay pursuant to the *Wilton/Brillhart* abstention is granted. This case is stayed pending further order of the Court.

_____
Charles P. Kocoras
United States District Judge

Dated:   October 25, 2012